IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC C. BURGIE                                                                                    PLAINTIFF

v.                                    Civil No. 6:21-cv-06007

CHRIS CHAPMOND, Police Chief,
Hot Springs; DETECTIVE PAUL NORRIS;
DETECTIVE BILL WATERFIELD;
MICHELLE C. LAWRENCE, Prosecuting Attorney;
JASON STACHEY, Former Police Chief, Hot Springs;
SHERIFF L. SANDERS; STEVE D. OLIVER,
Former Prosecuting Attorney; DARREL BLOUNT,
Attorney; LIEUTENANT CHRIS HAYS;
JOSEPH P. GRAHAM, Deputy Prosecuting Attorney;
And PAUL BOSSON, Former Deputy Prosecuting
Attorney                                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff, Eric C. Burgie ("Burgie"), pursuant to 42 U.S.C. § 1983. Burgie proceeds *pro se* and seeks leave to proceed *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for a determination of whether Burgie qualifies for IFP status under 28 U.S.C. § 1915. Specifically, the Court must determine whether Burgie is ineligible for IFP status due to the three-strikes provision contain in § 1915(g).

**I. DISCUSSION**

By Order (ECF No. 6) entered on January 15, 2021, Burgie was advised that it appeared he was not eligible for IFP status. He was given until February 5, 2021, to submit information indicating why he believed § 1915(g) did not apply. He has submitted a response (ECF No. 7).

The IFP statute, 28 U.S.C. § 1915, contains what has come to be known as the "three strikes provision" or the "three-strikes rule."  28 U.S.C. § 1915(g).  *Orr v. Clements,* 688 F.3d 463, 464 (8th Cir. 2012).  The three strikes rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. 1915(g).

The Court is aware that Plaintiff has filed at least three cases which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Bargie v. Norris, et al.,* No. 5:05-cv-00317-SWW (E.D. Ark. 2006)[1]; (2) *Burgie, et al. v. Hannah et al.*, No. 4:12-cv-00051-JLH (E.D. Ark. 2012); (3) *Burgie v. McDaniel, et al.,* No. 4:14-cv-00181-KGB (E.D. Ark. 2014); and (4) *Burgie v. Harris, et al.*, No. 5:06-cv-00258-BRW (E.D. Ark. 2008).

As set forth above, Plaintiff was given until February 5, 2021 to establish why § 1915(g) does not apply to this action or to pay the required filing fee.  In his response filed on February 10, 2021, Plaintiff argues § 1915(g) is unconstitutional, specifically arguing that the application of the three-strikes provision "is unconstitutional under 1st amendment petition clause as well as Article IV.  privileges and immunities clause of U.S. Constitution 1."  (ECF No. 7 at 1).

Burgie concedes that the three-strikes provision has been held to be constitutional.  (ECF No. 7 at 2).   He states, however, that he has no other way to pay the filing fee because he is indigent and has been incarcerated for 21 years.  *Id*. at 1-2.  He contends the application of § 1915(g) "effectively shut[s] him out of federal court completely on his federal claims in this

---

[1] Plaintiff's last name in this action is misspelled "Bargie" on the docket report.

lawsuit." *Id*. Burgie further states he has no state judicial remedies available to him at this point. *Id*. He contends the application of § 1915(g) to him infringes his right of access to the court and his right to free speech. *Id.* at 2-3. Burgie argues the provision was adopted to curb "vexatious and meritless lawsuits filed regarding internal operations of prisons." *Id.* at 4. He distinguishes his case because it is based on alleged constitutional violations prior to his coming to prison. *Id.*

He compares the application of the three-strikes provision to the imposition of sanctions. *Id.* at 5. He maintains that prisoners should only be "sanctioned for lawsuits that were not only objectively without merit but were also known by the plaintiff to be meritless, or were intentional abuses of the judicial system." *Id.* He argues the provision violates the First Amendment's "breathing space" principle because it "sweeps far more broadly than that, it imposes a penalty on lay persons proceeding pro se, which in this case results in barring him from court, for honest mistakes of law as well as for abuses of the legal system." *Id.* at 5. He argues that application of § 1915(g) in this case would not only "ensure that the courts doors of justice remain closed," but would also allow "the defendants in this case . . . to continue violating his federal constitutional rights by their illegal and corrupt actions." *Id.* at 6-7. Burgie makes no argument that he is in imminent physical danger.

While Burgie presents an impassioned and eloquent response, the constitutionality of § 1915(g) has been upheld by the Eighth Circuit Court of Appeals when similarly challenged in *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). According to the Court:

> Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strike rule is ever applied to them.

> Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front . . . . The indigent inmate who has three strikes also may file if he is under imminent danger of serious physical injury. We conclude that an inmate's right of access to the courts, as that right is defined in *Lewis v. Casey*, [518 U.S. 343 (1996)] is not impeded.

*Id.*, 258 F.3d at 800 (internal citations omitted). Further, it has been held that § 1915(g) "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). As these cases illustrate, Burgie's First Amendment access to the court's argument has been soundly rejected.

"The 'breathing space' principle is the idea that, in order for the First Amendment to meaningfully protect the freedom of speech, individuals must have some margin of error—in other words, the ability to advance insulting, outrageous, or inadvertently false speech—when discussing matters of public concern before they can be held liable for the effects of their speech on others." *Daker v. Jackson*, 942 F.3d 1252, 1258 (11th Cir. 2019) (citing *Snyder v. Phelps*, 562 U.S. 443, 458 (2011)); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 52 (1988)). In *Daker*, the Court held:

> [b]ecause there is no First Amendment right to access the courts for free, it follows that there is also no First Amendment right to speak in the courts for free and the "breathing space" principle is inapplicable. Moreover, the concern that justifies the "breathing space" principle—the desire to prevent a chilling effect on speech and thereby promote public debates—is not implicated by a rule that determines whether an individual has to pay a filing fee in order to bring a lawsuit."

*Daker,* 942 F.3d at 1258.

Burgie also contends he should be granted IFP status as his claims assert that there were serious constitutional errors in his criminal case which resulted in his arrest and conviction. He maintains he currently has no other available method to challenge the constitutional violations

which have resulted in his continued incarceration. Because of this, Burgie maintains he is entitled to free access to the courts.

The Constitution has been interpreted as requiring the states to waive filing fees in limited circumstances, but this applies only to a "narrow category of civil cases in which the State must provide access to its judicial process without regard to a party's ability to pay court fees." *M.L.B. v. S.L.J.,* 519 U.S. 102, 113 (1996). "An unconditional right of access exists for civil cases only when denial of a judicial forum would implicate a fundamental human interest—such as the termination of parental rights or the ability to obtain a divorce." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3rd Cir. 2001). Burgie's claims do not invoke interests recognized as fundamental in the applicable cases.

While Burgie contends he has no other avenue available to him, the Court notes that state courts have concurrent jurisdiction over § 1983 cases. *Howlett v. Rose,* 496 U.S. 356, 358 (1990). Furthermore, the three-strikes provision applies regardless of the merits of the underlying claim. *See e.g., Abdul-Akbar*, 239 F.3d at 316.

## II. CONCLUSION

For these reasons, it is recommended that Plaintiff's application to proceed IFP (ECF No. 1) should be DENIED. It is further recommended that if Plaintiff wishes to continue his case, he be ordered to pay the $350 filing fee and $52 administration fee, for a total of $402, within 30 days of the Court's order denying the application to proceed IFP. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED** this 2nd day of March 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE