IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC C. BURGIE                                                                                           PLAINTIFF

v.                                                    Civil No. 6:21-cv-06007

CHRIS CHAPMOND, Police Chief,                                                                  DEFENDANTS
Hot Springs; DETECTIVE PAUL NORRIS;
DETECTIVE BILL WATERFIELD;
MICHELLE C. LAWRENCE, Prosecuting Attorney;
JASON STACHEY, Former Police Chief, Hot Springs;
SHERIFF L. SANDERS; STEVE D. OLIVER,
Former Prosecuting Attorney; DARRELL BLOUNT,
Attorney; LIEUTENANT CHRIS HAYS;
JOSEPH P. GRAHAM, Deputy Prosecuting Attorney;
And PAUL BOSSON, Former Deputy Prosecuting
Attorney

**ORDER**

Now before the Court is the Report and Recommendation filed March 2, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 10). Plaintiff proceeds in this 42 U.S.C. § 1983 action *pro se*. For purposes of pre-service screening, Judge Ford found that Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) should be denied. Additionally, Judge Ford recommended that if Plaintiff wishes to continue his case, he should be ordered to pay the $350 filing fee and $52 administration fee, for a total of $402, within 30 days of the Court's order denying the application to proceed IFP.

Plaintiff filed his objections to the Report and Recommendation on March 15, 2021. (ECF No. 12). Plaintiff has three objections to the Report and Recommendation: (1) Plaintiff only has two strikes; (2) "the court failed to address whether the application of the three strike rule to this action required a determination that his previous civil actions were in fact dismissed because they were malicious, frivolous, or intentional abuses of the judicial system, as opposed to honest mistakes;" and (3) the Court's application

1

of 28 U.S.C. § 1915(g) is unconstitutional. *Id.* After *de novo* review of the record, the Court adopts the Report and Recommendation *in toto*.

Plaintiff's first objection is that he only has two strikes. The Report and Recommendation cites four cases filed by Plaintiff which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Bargie v. Norris, et al.*, No. 5:05-cv-00317- SWW (E.D. Ark. 2006)[1] ; (2) *Burgie, et al. v. Hannah et al.*, No. 4:12-cv-00051-JLH, 2012 WL 993400 (E.D. Ark. 2012); (3) *Burgie v. McDaniel, et al.*, No. 4:14-cv-00181-KGB, 2014 U.S. Dist. LEXIS 155213 (E.D. Ark. 2014); and (4) *Burgie v. Harris, et al.*, No. 5:06-cv-00258-BRW (E.D. Ark. 2008). Plaintiff argues that two of the cases, *Burgie, et al. v. Hannah et al.*, *id.*, and *Burgie v. McDaniel, et al.*, *id.*, do not count as strikes because they were dismissed on the grounds that the defendants were protected by qualified immunity.

The three strikes rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is <u>frivolous, malicious, or fails to state a claim upon which relief may be granted</u>, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Plaintiff's objection is without merit. In *Burgie, et al. v. Hannah et al.* and *Burgie v. McDaniel, et al.*, the Court found that Plaintiff failed to state claims upon which relief may be granted, and the Court ordered that the dismissals count as "strikes" for purposes of 28 U.S.C. § 1915(g). 2012 WL 993400, at *2–3; 2014 U.S. Dist. LEXIS 155213, at *2.

Even if the Court found in favor of Plaintiff on this issue, he still has three strikes. Plaintiff received an additional strike in *Burgie v. Kelley, et al.*, No. 2:18-CV-00006-BSM, 2018 WL 1659467 (E.D. Ark. 2018) when his case was dismissed without prejudice for failure to state a claim upon which relief may be

---

[1] Plaintiff's last name in this action is misspelled "Bargie" on the docket report.

granted.[2] Because Plaintiff did in fact receive "strikes" for purposes of 28 U.S.C. § 1915(g), Plaintiff's objection is overruled.

Plaintiff's second objection is that "the court failed to address whether the application of the three strike[s] rule to this action required a determination that his previous civil actions were in fact dismissed because they were malicious, frivolous, or intentional abuses of the judicial system, as opposed to honest mistakes" is without merit. (ECF No. 12). The language of § 1915(g) makes it clear that a claim based on a plaintiff's honest mistake(s) may receive a strike even when the claim is not dismissed on the grounds that it is frivolous or malicious. If the mistake means Plaintiff has failed to state a viable claim for relief, then Plaintiff may receive a § 1915 strike. Plaintiff's state of mind in filing the claim(s) has nothing to do with whether he has stated a claim upon which relief may be granted. Therefore, it is not necessary to examine the previous civil actions for honest mistakes. Plaintiff's second objection is overruled.

Plaintiff's third objection is that the Defendants have violated his constitutional rights, and the court's application of 28 U.S.C. § 1915(g) has a "chilling effect" on his free speech by limiting his access to the courts. The Report and Recommendation accurately analyzed Plaintiff's proposal. Plaintiff is not barred from accessing the courts. As cited by Judge Ford, it has been held that § 1915(g) "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). In his objections, Plaintiff did not raise any new issues of fact or law. Therefore, Plaintiff's objection is overruled.

Accordingly, it is hereby **ORDERED** that Plaintiff's application to proceed IFP (ECF No. 1) is **DENIED**. It is further ordered that Plaintiff pay the $350 filing fee and $52 administration fee, for a total of $402, within 30 days of the Court's order.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

---

[2] The Court denied Plaintiff's application to proceed IFP based on the four cases cited in the Report and Recommendation.

**IT IS SO ORDERED** this 21st day of April 2021.

/s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE